UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN D. GORMON,                    )
                                   )
          Petitioner,              )
                                   )
     v.                            )     No. 4:10-CV-1865-MLM
                                   )
ROBERT K. HARDWICK,                )
                                   )
          Respondent.              )

**ORDER AND MEMORANDUM**

This matter is before the Court upon petitioner's application for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the amended petition [Doc. #6], the Court will order petitioner to show cause as to why the Court should not dismiss this action as time-barred under 28 U.S.C. § 2244(d)(1).

**The Amended Petition**

Petitioner, a civilly-committed pretrial detainee at the Adair County Jail, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner states that, after pleading not guilty to the charge of first degree sexual misconduct, he was convicted

and sentenced on April 5, 2002, in St. Louis City Circuit Court. On October 9, 2003, the Missouri Court of Appeals denied his direct appeal. On June 29, 2004, petitioner filed a petition for writ of certiorari with the Missouri Supreme Court, and on July 7, 2004, petitioner's petition was returned to him for failure to pay the filing fee and certain required forms.

Almost six years later, on May 10, 2010, petitioner submitted a writ of habeas corpus in the Adair County Courthouse, which he claims was never filed. On June 3, 2010, petitioner filed a petition for writ of habeas corpus with the Missouri Court of Appeals, which was denied without a hearing. On July 27, 2010, petitioner filed a petition for writ of habeas corpus in the Missouri Supreme Court; relief was denied on October 26, 2010. Petitioner asks this Court to vacate his underlying criminal judgment and order that he be released from confinement.

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April

2

dismissal. As previously stated, petitioner is challenging his April 5, 2002 criminal conviction. On October 9, 2003, the Missouri Court of Appeals denied his direct appeal; on June 29, 2004, he filed a petition for writ of certiorari with the Missouri Supreme Court, and on July 7, 2004, his petition was returned to him for failure to pay the filing fee and certain required forms. The instant action was not placed in the prison mailing system until September 26, 2010, well after the running of the one-year limitations period.[2]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant habeas petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss his application for writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response

---

24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

[2]Although petitioner states that he filed three state habeas corpus petitions in 2010, the Court notes that these filings cannot resurrect what appears to be an otherwise procedurally-defaulted claim. See Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir. 1994).

shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

Dated this 24th day of November, 2010

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE